# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

CAROLE and JOHN TUBHOPE,,      )
           )
     PLAINTIFFS,      )
           )
     v.      )      No. 4:18-CV-0932-DGK
           )
AMERISOURCEBERGEN DRUG      )
CORPORATION, et al.,      )
           )
     DEFENDANTS.      )

## ORDER GRANTING MOTION TO STAY

This lawsuit arises from Plaintiffs Carole and John Tubhope's allegations that twelve named Defendants—various individuals, corporations, limited liability companies and the University of Kansas Hospital Authority—and an unknown number of John Doe individuals and companies involved in the promotion of Subsys (a fentanyl spray) committed various torts by prescribing and filling Carole Tubhope's prescriptions for Subsys.

Now before the Court is Defendant AmerisourceBergen Drug Corporation's ("AmerisourceBergen") Motion to Stay (Doc. 19) pending the Joint Panel on Multidistrict Litigation's ruling on whether to transfer this case to the multidistrict litigation pending in the Northern District of Ohio, In Re: National Prescription Opiate Litig., 1:17-md-2804 ("the Opiate MDL"). AmerisourceBergen is also a defendant in approximately 1,000 other cases currently pending in the Opiate MDL.

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936); *Contracting Nw., Inc. v. City of Fredericksburg*, 713 F.2d 382, 387 (8th Cir. 1983) (holding district court has the

"inherent power" to stay litigation "to control its docket, conserve judicial resources, and provide for a just determination of the cases pending before it"). A stay should be entered only where it is a proper exercise of the court's discretion, *Rhines v. Weber*, 544 U.S. 269, 276 (2005), and the proponent of the stay bears the burden of establishing the need for a stay. *Nken v. Holder*, 556 U.S. 418, 433-34 (2009). In determining whether to grant a motion to stay where an MDL transfer is pending, a federal court balances three factors: "(1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact consolidated." *Buie v. Blue Cross & Blue Shield of Kansas City, Inc.*, No. 05-0534-CV-W-FJG, 2005 WL 2218461, at *1 (W.D. Mo. Sept. 13, 2005).

AmerisourceBergen argues Plaintiffs will not be prejudiced by a stay. Additionally, if the case is not stayed, AmerisourceBergen will be subject to duplicative litigation and inconsistent rulings on a variety of subjects, including jurisdictional issues, between this case and the Opiate MDL cases. Finally, AmerisourceBergen suggests a stay will conserve judicial resources and ensure uniform adjudication.

Plaintiffs do not dispute AmerisourceBergen's points. Rather, they complain the motion "is just another example of Defendant's blatant attempt to delay and derail state court proceedings in this case"; AmerisourceBergen had no reasonable basis for seeking removal in the first place; and the Court is not required to stay proceedings pending possible transfer to an MDL just because there is a pending motion to remand. Suggestions in Opp'n at 1-2 (Doc. 21).

The Court holds the relevant factors weigh in favoring of granting the stay.

As for Plaintiffs' arguments, the only one that is potentially persuasive is whether AmerisourceBergen had a reasonable basis for seeking removal. But granting the stay does not mean this question will go unanswered. Rather, one of two things will happen. Either this case

will not be transferred to the Opiate MDL and this Court will answer it, or this case will be transferred to the Opiate MDL where a different federal judge will answer it. Either way, the motion to remand will be heard.

AmerisourceBergen's motion to stay (Doc. 19) is GRANTED.

**IT IS SO ORDERED.**

Date:   December 14, 2018                         /s/ Greg Kays
                                                  GREG KAYS, CHIEF JUDGE
                                                  UNITED STATES DISTRICT COURT